IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| POETIC LICENSE CAPITAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ALI EBRAHIM and JOHN DOES 1-10, <br><br> Defendants. | CV 22-99-BLG-KLD <br><br> ORDER |
| ALI EBRAHIM, <br><br> Third-Party Plaintiff, <br><br> vs. <br><br> YAHYA "JOHN" PIRACHA, <br><br> Third-Party Defendant. | |

This matter comes before the Court on Third-Party Defendant Yahya "John" Piracha's motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). (Doc. 45). For the reasons discussed below, Piracha's motion is denied.

1

## I. Background

This matter arises from investments made by Plaintiff Poetic License Capital, Inc. ("PLC") in American Harvest, Inc. ("AHI"). In the Second Amended Complaint ("SAC"), PLC alleges claims for securities violations against Defendant and Third-Party Plaintiff Ali Ebrahim ("Ebrahim"). (Doc. 35). PLC alleges Ebrahim was a co-founder and officer of AHI and that in 2019 he solicited investment in AHI from PLC. (Doc. 35, at 2-3 ¶¶ 7-9). Count I of the SAC alleges Ebrahim or individuals under his control made fraudulent misrepresentations or omissions in connection with PLC's investment in AHI and that these actions contributed to violations of Section 10(b) of the Securities Exchange Act of 1934. (Doc. 35, at 6-10 ¶¶ 18-32). Count II alleges "control person" liability against Ebrahim under Section 20(a) of the Securities Exchange Act of 1934. (Doc. 35, at 10-11 ¶¶ 33-37).

Ebrahim's answer to the SAC was filed with a third-party complaint against Yahya "John" Piracha ("Piracha"). (Doc. 39). Ebrahim alleges Piracha was chief executive officer of AHI when PLC invested in AHI. (Doc. 39, at 16 ¶ 6). Given Piracha's alleged involvement, Ebrahim seeks apportionment and contribution for all claims asserted against Ebrahim. (Doc. 39, at 15). The third-party complaint alleges "[i]nsofar as the trier of fact finds that the elements of a securities fraud claim are all met, each of the alleged misrepresentations related to the investor prospectus

2

and presentation are attributable to Piracha . . . ." (Doc. 39, at 16 ¶ 5). In the alternative, Ebrahim alleges that to the extent any misrepresentations are attributable to Ebrahim they are "also attributable to Piracha." (Doc. 39, at 16 ¶ 5). The third-party complaint further alleges that if anyone is found liable as a control person it should be Piracha. In the alternative, Ebrahim alleges that if he is found liable as a control person, Piracha had greater responsibility and culpability. (Doc. 39, at 17-18 ¶10).

In response to the third-party complaint, Piracha filed a motion for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. (Doc. 45).

## II. Legal Standard

Under Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A Rule 12(e) motion attacks the intelligibility of the complaint rather than the lack of detail, and should be denied "where the complaint notifies the defendant of the substance of the claims asserted." *Johnson v. City of Portland,* 2019 WL 5406551, *1 (D. Or. Oct. 3, 2019). The proper "test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame a responsive

pleading." *Scripps Health v. Vision Software Technologies Inc.*, 2010 WL 11508881, *3 (S.D. Cal. Aug. 13, 2010).

In light of "the liberal pleading requirements of Rule 8, motions for a more definite statement are 'viewed with disfavor and are rarely granted.'" *Myers v. Howmedica Osteonics Corp.*, 2015 WL 1467109, *1 (D. Mont. 2015) (quoting *Sanchez v. City of Fresno*, 914 F.Supp.2d 1079, 1122 (E.D. Cal. 2012)). A more definite statement is not the proper remedy "when the factual details sought are obtainable through discovery." *Myers*, 2015 WL 1467109, *1.

### III. Discussion

The third-party complaint is not so vague as to prevent Ebrahim from framing a responsive pleading. Piracha contends that a lack of facts and details makes it impossible to reasonably prepare a response, and therefore requests that this Court order Ebrahim to specifically identify false or misleading statements or information attributable to Piracha. Such factual augmentation is not necessary at the pleading stage in this matter. The third-party complaint already contains sufficient facts and details to put Ebrahim on notice of the allegations against him and to which Ebrahim may reasonably frame a response.

As alleged, Ebrahim's claims against Piracha rest on two sources of liability. First, Ebrahim contends Piracha is liable for any injury to PLC resulting from false or misleading information in the investor prospectus and presentation. (Doc. 39, at

17, ¶¶ 7, 9). Second, Ebrahim alleges Piracha is liable for any injury related to PLC's claim for control person liability under Section 20(a) of the Securities Exchange Act of 1934. (Doc. 39, at 17-18 ¶ 10).

Piracha generally contends Ebrahim has failed to allege sufficient facts establishing Piracha's responsibility for false or misleading statements. Yet, the third-party complaint plainly identifies which allegedly false or misleading statements are attributable to Piracha. Namely, Ebrahim contends that *any* false or misleading information in the prospectus and presentation that ultimately create liability are attributable to Piracha. (Doc. 39, at 17 ¶ 9).

The scope of Ebrahim's allegations is delineated further by reference to PLC's unresolved claims against Ebrahim. Ebrahim alleges Piracha should be liable for injuries related to false or misleading statements only "[i]nsofar as PLC has stated a valid claim for direct liability . . . based on the information contained in the investor prospectus and presentation . . . ." (Doc. 39, at 17 ¶9). In support of these allegations, Ebrahim contends Piracha was responsible for preparing the investor prospectus, verifying the information it contained, and then "delivering the presentation to prospective investors." (Doc. 39, at 17 ¶7).

Similarly, the third-party complaint plainly alleges that Piracha should be liable as a control person under Section 20(a) of the Securities Exchange Act of 1934. As above, this allegation applies only "[i]nsofar as PLC has stated a valid

5

claim for control person liability . . . ." (Doc. 39, at 17 ¶ 10). In support, Ebrahim alleges that "Piracha directly oversaw, controlled and directed AHI and all of its agents and employees." (Doc. 39, at 17 ¶ 10).

Together, these allegations provide a short and plain statement of Ebrahim's case against Piracha. The third-party complaint identifies the conduct at issue and alleges facts that if true support Ebrahim's claims against Piracha. Read in conjuncture with the SAC, Ebrahim's allegations are intelligible and notify "the defendant of the substance of the claims asserted." *Johnson,* 2019 WL 5406551, *1. Any additional facts and details that Piracha desires are obtainable through the discovery process. Although a complete understanding of Ebrahim's claims against Piracha requires that the reader examine the SAC, the third-party complaint is not so vague as to prevent Piracha from framing a responsive pleading.

**IV. Conclusion**

For the reasons discussed above,

IT IS ORDERED that Piracha's Motion for a More Definite Statement Under Fed. R. Civ. P. 12(e) (Doc. 45) is DENIED.

DATED this 18th day of October, 2024.

_____
Kathleen L. DeSoto
United States Magistrate Judge