MALCOLM H. GOODRICH
GOODRICH & REELY, PLLC.
2812 FIRST AVE NORTH, SUITE 301
P. O. BOX 1899
BILLINGS, MT 59103-1899
TELEPHONE: (406) 256-3663
FAX: (406) 256-3660
Bar No. 2551
Malcolm@goodrichreely.com
ATTORNEYS FOR ALI THARIA

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF MONTANA
### BILLINGS DIVISION

| | | |
|---|---|---|
| POETIC LICENSE CAPITAL, INC., | ) | Cause No.: CV-22-99-BLG-KLD |
|     Plaintiff, | ) | |
|     v. | ) | |
| ALI EBRAHIM and JOHN DOES 1-10, | ) | |
|     Defendants. | ) | |
| —————————————— | ) | |
| ALI EBRAHIM, | ) | **Tharia's Brief in Support of His** |
|     Third-Party Plaintiff, | ) | **Rule 12(b)(2), 12(b)(1), 12(b)(6) and** |
|     v. | ) | **12(b)(7) Motion to Dismiss Third** |
| YAHYA "JOHN" PIRACHA, | ) | **Party Claim of Yahya "John"** |
|     Third-Party Defendant, | ) | **Piracha and Joinder** |
| —————————————— | ) | |
| YAHYA "JOHN" PIRACHA, | ) | |
|     Third-Party Defendant, | ) | |
|     Counterclaimant, and Third- | ) | |
|     Party Plaintiff | ) | |
|     v. | ) | |
| SHAN JAMAL, ALI THARIA and | ) | |
| JOHN DOES 1-10, | ) | |
|     Third-Party Defendants. | ) | |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES …………………………………… 3

EXHIBIT ………………………………………………….. 5

INTRODUCTION …………………………………………… 6

FACTS APPLICABLE TO THARIA MOTION ………………… 8

DISCUSSION …………………………………………………14

I.  Piracha has failed to meet his
    burden of establishing general
    or personal jurisdiction over Tharia. ………………… 14

II. In the event that personal
    jurisdiction is determined to exist,
    then the Third Party Complaint
    must be dismissed as to Tharia
    pursuant to Rule 12(b)(1), (6) and (7). ……………….. 21

CONCLUSION …………………………………………….. 28

CERTIFICATE OF COMPLIANCE ……………………………. 29

# TABLE OF AUTHORITIES

Biltmore Assocs v. Twin City Fire Ins. Co.,
     572 F.3d 663 (9th Cir. 2009). ………………………………… 24-25

Cigna Ins. Co. v. Gulf US Corp.,
     1997 U.S. Dist LEXIS 23816 at 13, (D. Idaho 1997)………….. 24

Daimler AG v. Bauman,
     571 US 117, 126-127 (2014)…………………………………… 16

Estate of Spirtos v. One Bernardino County Superior Court,
     443 F.3d 1172, 1175 (9th Cir. 2006). …………………………… 25

Fisher v. Quantas Airways LTD.,
     521 F.Supp., 3d, 847, 859 (D. Ariz. 2021)……………………… 16

Husvar V. Rapoport,
     430 F.3d 777, 780 (6th Cir. 2005) ……………………………….. 25

International Shoe Co. v. Washington,
     326 US 310, 316 (1945) …………………………………………. 17

Liberty Mutual Insurance Co., v.
Official Unsecured Creditor Committee
     (In Re Spaulding Co.), 207 B.R. 899, 903
     (9th Cir BAP 1997). ……………………………………………. 25

N2 Packaging Systems, LLC v.
N2 Pack Canada Inc., 2020 WL 2512786,
     at ·5 (D. Ariz. 2020) (*slip copy*). ……………………………… 15

Picot v. Weston,
     780 F.3d 1206, 1211 (9th Cir. 2015) ………………………… 16

Schwarzenegger v. Fred Martin Motor Co.,
     374 F.3d 797, 800 (9th Cir. 2004) ………………………… 16, 18

Seward v. Devine,
        888 F.2d 957, 963 (2d Cir. 1989) …………………………… 21

In re Valley Park,
        217 B,R. 864, 866-67 (Bankr. D. Mont. 1998) ……………… 25

In re Varat Enterprises, Inc.,
        81 F.3d 1310, 1315 (4th Cir. 1996)…………………………… 25, 27

Ziegler v. Indian River County,
        643 F.3d 470, 473 (9th Cir. 1995)………………………………14

STATUTES

        11 U.S.C. Section 554(a) ……………………………………20-23

        11 U.S.C. Section 554(b) ……………………………….. 20-23

        11 U.S.C. Section 554(c) …………………………………… 20-23

        11 U.S.C. Section 554(d) …………………………………… 20-23

        11 U.S.C. Section 1107 …………………………………… 25

        35-14-742, MCA ………………………………………… 24

Bankruptcy Rule 3018 ……………………………………….. 24

## EXHIBIT LIST

Declaration of Ali Tharia of July 14, 2025 …………………………. EXH 1.

Comes Now Ali Tharia ("Tharia"), Third Party Defendant, and submits his brief in support of his Fed.R.Civ.P. Rule 12(b)(1), (2), (6) and (7) Motion to Dismiss the claims asserted against him by Yayha "John" Piracha ("Piracha") in the Third Party Complaint filed by Piracha at ECF No. 63 ("Third Party Complaint").  The 12(b)(2) Motion is supported by the Declaration of Tharia.

With respect to the Rule 12(b)(1), (6) and (7) aspects of Tharia's Motion to Dismiss, Tharia joins in the facts presented, arguments and case law set forth in the Briefs in Support of the Rule 12(b)(1), (6) and (7) Motion to Dismiss of Ali Ebrahim filed at ECF Nos. 66 and 73, although Tharia will provide additional argument in this regard to these Rule 12(b) elements as applicable to his own situation.

## INTRODUCTION

Piracha has brought claims against Tharia, a Canadian resident and citizen who has no contacts with the forum and whose only involvement with non-party American Harvest Inc. ("AHI") is as a shareholder representative for Tharia, Inc which holds a minor shareholder investment in AHI of US $20,000. Piracha has asserted a breach of contract claim against Tharia, alleging that he was told by Ali Ebrahim that Ebrahim would hire Tharia to consult for AHI, However, the Third Party Complaint is completely silent about the details of the

alleged contract, as well as silent regarding any personal jurisdictional
qualifying details for Tharia, given the fact that Tharia is a Canadian citizen and
resident.

The Declaration of Tharia submitted herewith as **Exhibit "1"**
("Declaration") in support of his Rule 12(b)(2) Motion demonstrates that there
was, and is, no contract between Tharia and AHI as alleged by Piracha. To the
extent of any interaction between Tharia and AHI, such interaction was solely
limited to his position as a shareholder representative for Tharia, Inc., a
Canadian Company. In addition, such interaction was at all times conducted in
Canada, with no purposeful availment of the privilege of conducting business
activities within the forum.

While Tharia respectfully submits that this Court lacks personal
jurisdiction over him, as a foreign national with no evidence of his purposeful
availment with the forum, to the extent that the Court determines that it does
hold personal jurisdiction over him, even if provisionally, then the claims
asserted against him in the Third Party Complaint are clearly subject to
dismissal under Fed.R.Civ.P. Rules 12(b)(1), (6) and (7). While Tharia strongly
disputes whether any claim exists against him, whether through Piracha or AHI,
Piracha's Third Party Complaint clearly fails in total against Tharia because, at

its essence, it represents an improper attempt to usurp the derivative claim, if any, held only by AHI.  Piracha has failed to establish the necessary predicates for his individual pursuit of a derivative claim, one that he has pled in the Third Party Complaint as based solely upon an alleged contract between AHI and Tharia, not between Piracha and Tharia.

Moreover, while Piracha contends that the alleged AHI claims against Tharia were abandoned by AHI, as debtor in possession, thus he is entitled to assert them in his individual capacity, that argument is unsustainable under both the law and the facts, even assuming the pleadings in the light most favorable to Piracha.  Clearly, Piracha lacks standing to bring the claims against Tharia as any alleged claim remains property of the AHI bankruptcy estate under the clear effect of 11 USC Section 554.

## FACTS APPLICABLE TO THARIA'S MOTION

As noted in his Introduction, in order to avoid unnecessary duplication of the factual presentation and arguments relating to the Rules 12(b)(1), (6) and (7) aspects of his Motion to Dismiss, Tharia joins in the facts presented, arguments and case law set forth in the Briefs in Support of the Rule 12(b)(1), (6) and (7) Motion to Dismiss of Ali Ebrahim filed at ECF Nos. 66 and 73, choosing

instead to supplement such matters below where directly applicable to his situation.

Based upon the current state of the pleadings within the Third Party Complaint, Tharia notes the following factual matters as applicable to his Motion to Dismiss:

1. As revealed in the Schedules and Statement of Affairs of AHI filed in its Subchapter V, Chapter 11 case, *In Re American Harvest Inc*., Case No. 22-1131 ("AHI Bankruptcy Case") (ECF No. 14), Piracha was an officer of AHI before its bankruptcy filing, a creditor holding a shareholder loan, and a shareholder, at the time of its filing. *See*, *AHI Bankruptcy Case*, Official Form 206E/F, Section 3.3 (shareholder loan disclosure); Official Form 207, Section 29 (disclosure of Piracha as corporate officer); List of Equity Security Holders.

2. The AHI bankruptcy was filed March 25, 2022. *AHI Bankruptcy Case, ECF No. 1.*

3. Alleged claims in favor of AHI against Tharia were not listed within the bankruptcy schedules filed under the penalty of perjury by AHI in the AHI Bankruptcy Case.

4. The proof of claim deadline in AHI was set by the Bankruptcy Court as June 9, 2022. Piracha did not file a proof of claim.

5.     Piracha filed a ballot dated August 23, 2022 accepting AHI's plan of liquidation in the AHI Bankruptcy Case.  *AHI Bankruptcy Case, ECF No. 90.*

6.     The AHI plan of liquidation was confirmed by the Bankruptcy Court on December 1, 2020.  *AHI Bankruptcy Case, ECF No. 132.*

7.     A Notice of Substantial Consummation was filed by AHI pursuant to 11 USC Section 1101(2)(B) on January 20, 2023.  Piracha was served with a copy of the Notice. *AHI Bankruptcy Case, ECF No. 150.*

8.     The Third Party Complaint is silent as to the residency of Tharia. Tharia is a Canadian resident and citizen who has never visited Montana, or indeed the United States, for any AHI related purpose.  *Declaration, para.1, 2 and 5.*

9.     Ebrahim alleges at paragraph 19, page 8, of the Third Party Complaint that he was informed by Ebrahim that he "was hiring" Tharia as a consultant to "advise and guide AHI operations".  The Third Party Complaint is silent regarding the alleged terms for such "contract" and whether any consulting services were actually provided under the "contract" and, indeed, whether the hiring was finalized, as the allegation is expressed in terms of "would be" rather than "had hired".  Notably, the Third Party Complaint is silent as to whether Piracha, as the CEO of AHI, verified with Tharia whether

such a contract existed.  Piracha alleges at paragraph 1 of Count 1 of the Third

Party Complaint against Tharia that the contract was between Tharia and AHI.

*Third Party Complaint, para. 1, p. 20.*

10.    Tharia's Declaration under the penalty of perjury states that no

such consulting contract existed, whether in writing or verbally.  *Declaration,*

*para. 3.*

11.    While completely irrelevant to the case at bar, the Third Party

Complaint alleges, but only on information and belief without direct knowledge

on the part of Piracha, that Tharia had consulted for Sajjad Ebrahim, the father

of Ali Ebrahim.  *Third Party Complaint, para. 20, p. 20.*  Tharia's Declaration

under the penalty of perjury states that he has never had a business relationship

with Sajjad Ebrahim.  *Declaration, para. 4.*

12.    Piracha alleges that Tharia held an investment of US $20,000 as a

shareholder in AHI.  *Third Party Complaint, para. 20, p. 8.*  The modest

shareholding was actually held by Tharia, Inc., a Canadian Corporation, for

which Tharia served as a representative in shareholder dealings with AHI.

*Declaration, para. 6; AHI Bankruptcy Case, ECF No. 14, List of Equity*

*Security Holders.*

13.    Piracha alleges that following the hiring of Shan Jamal, Jamal sent an email to Tharia, Piracha and Ebrahim outlining issues involved with the AHI Sidney plant. *Third Party Complaint, para. 22, p. 8*.  That allegation does not state the capacity in which Tharia received the communication.  Tharia's Declaration recognizes receipt of communications from Jamal and others but in his capacity as a shareholder representative of Tharia Inc.. *Declaration, para. 6-7*.  All communications with Tharia were received by him in Canada. *Declaration, para. 8*.

14.    Piracha alleges a March 2020 meeting attended by Tharia. *Third Party Complaint, para 29, p. 10*.  The Third Party Complaint is silent as to the location of the meeting.  Tharia's Declaration recognizes attendance at meetings at AHI in Canada but in his capacity as a shareholder representative of Tharia Inc. at the request of Ebrahim *Declaration, para. 7*.

*15*.    Piracha alleges that Tharia had a duty under contract to AHI that was breached by the giving of "faulty advice". *Third Party Complaint, Count 1, para. 4-6, p. 20-21*.  However, the Third Party Complaint contradicts this claim against Tharia at paragraphs 23-26 by stating that it was Jamal who provided the advice to Ebrahim and AHI relating to issues complained of by

Piracha in the Third Party Complaint, Count 1, as against Tharia. *Third Party Complaint, para., 23-26, p. 9.*

16.    While Piracha alleges that he did not discover that the advice allegedly given by Tharia was faulty until the Fall of 2020, this allegation is contradicted in the Third Party Complaint where he also alleges that he had concerns about what he contends to be faulty advice in the late 2019 time period up to a meeting in March of 2020. *Third Party Complaint, para. 20-26, p.8-9.* Of course, again, the Tharia Declaration makes it clear given that Tharia had no written or verbal contract with AHI and that any enquiry that he made as to company issues were made in his capacity as a shareholder representative for Tharia, Inc. *Declaration, para. 3, 7.*

17.    The Third Party Complaint is silent as to the terms of the alleged contract between AHI and Tharia, including terms for compensation and standards for performance. As indicated in the Tharia Declaration, he had no contract with AHI and he has received no compensation from either AHI or Mr. Ebrahim in connection with any AHI matter. *Declaration, para. 3, 9.*

18.    The Bankruptcy Court in the AHI Bankruptcy Case retained jurisdiction post-confirmation of the debtor's plan of liquidation regarding the execution of the plan, including "hearing and adjudicating the claims and

defenses of any adversary proceeding within the jurisdiction of the Bankruptcy Court commenced prior to or after confirmation by Debtors, Poetic License or any trustee pre-confirmation or post-confirmation". *AHI Bankruptcy Case, ECF No., 110, 113.*

19.    In his Status Report filed with the Court on December 23, 2024, Piracha stated that derivative claims for AHI belonged to the bankruptcy estate and subject to the control of the bankruptcy court, thus he would need to obtain permission from the Bankruptcy Court to assert such claims. *ECF, No. 61.* A review of the ECF docket for the Bankruptcy Court indicates that although the AHI Bankruptcy Case remains open, as of the date of this Brief, Piracha has failed to obtain such permission from the Bankruptcy Court.

## DISCUSSION

### I.    Piracha has failed to meet his burden of establishing general or personal jurisdiction over Tharia.

Tharia has moved to dismiss the claims of Piracha under Rule 12(b)(2) on the basis that Tharia, as a Canadian resident and citizen, has insufficient contacts with the forum for the purpose of establishing personal jurisdiction over him for this suit.  Piracha, as Third Party Plaintiff, bears the burden of establishing personal jurisdiction over Tharia.  <u>Ziegler v. Indian River County,</u>

643 F.3d 470, 473 (9th Cir. 1995).  While Tharia is mindful that Piracha need

only make a prima facie case for meeting the personal jurisdiction standard,

where Piracha has failed to set out the elements of personal jurisdiction over

Tharia as a Canadian resident and citizen, Tharia's Declaration does not simply

represent an attempt to controvert Piracha's pleadings but acts to supply

missing facts that demonstrate the inability of Piracha to make his prima facie

case.

At the outset, it should be noted that this is not a Rule 4(k), Fed.R.Civ.P.

type case, where personal jurisdiction could perhaps be established in the

absence of an ability to satisfy the other requirements of general or specific

personal jurisdiction, as in order for Rule 4(k) to apply, the claim against the

defendant must first arise under Federal law.  N2 Packaging Systems, LLC v.

N2 Pack Canada Inc., 2020 WL 2512786, at ·5 (D. Ariz. 2020) (*slip copy*).

Here, there is no allegation or claim stated against Tharia under Federal law.

Then, with respect to Tharia's Rule 12(b)(2) Motion to Dismiss, as a

threshold issue, the Court must determine whether general jurisdiction exists, a

standard requiring substantial, continuous and systematic contacts by Tharia

with the forum.  Reading the Third Party Complaint as a whole, where the only

allegation against Tharia for the claim is centered on one alleged contract and

limited meetings and communications in Canada, it is clear that even under the most liberal reading of the Third Party Complaint, no substantial, continuous and systematic contacts occurred between Tharia and Montana, the forum state.

Failing the general jurisdiction standard, the enquiry shifts to whether specific jurisdiction exists over Tharia. *See*, Daimler AG v. Bauman, 571 US 117, 126-127 (2014). The Court examines personal jurisdiction under the three part test exemplified by Picot v. Weston, 780 F.3d 1206, 1211 (9th Cir. 2015); Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). That three part test requires:

> a. The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof, or perform some act in which he purposefully avails himself of the privilege of conduction activities in the forum, thereby invoking the benefits and protections of its laws;

> b. The claim must be one which arises out of relates to the defendant's forum related activities and

> c. The exercise of the jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

Fisher v. Quantas Airways LTD., 521 F.Supp., 3d, 847, 859 (D. Ariz. 2021); *quoting* Picot v. Weston, 780 F.3d 1206, 1211 (9th Cir. 2015); Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

Piracha has the burden of proving the first two prongs of the three part test, while Tharia has the burden as to the third prong. *Id*. For claims in

contract, the Court should apply the "purposeful availment" analysis.  *Id*.

Critically, even if the purposeful availment and arising out of tests for the first

two prongs are satisfied, an unreasonable exercise of jurisdiction will still

violate the Due Process Clause of the Constitution.  Travelers Casualty &

Surety Co. of America v. Telstar Const., Co. Inc., 252 F.Supp. 2d, 917, 932 (D.

Ariz. 20023) *quoting* International Shoe Co. v. Washington, 326 US 310, 316

(1945).

        The Third Party Complaint does allege that Piracha claims he was told by

Ebrahim that he "was hiring" Tharia to provide consulting services for AHI.

*Third Party Complaint, para. 19, p. 8*.  "Was hiring" is expressed, as an

allegation, that it is something that would be occurring, not that it had occurred.

Notably, the Third Party Complaint is absolutely silent as to the alleged terms

for the hiring, the date of the alleged hiring, compensation to be paid, the details

of the brief for the alleged consultancy, or that he, Piracha, as CEO of AHI, had

even checked with Tharia to determine if a contract was in place or its terms.

Basically, all that can be said about the allegation of the hiring is that Piracha

claims he was told that the hiring would occur, not that it had occurred.

        Instead, to supply the details missing in the allegations of an alleged

contractual relationship between Tharia and AHI, the Tharia Declaration makes

it clear that no contract, verbal or written, existed between Tharia and AHI.

While the Third Party Complaint is silent as to the terms of the alleged contract

between Tharia and AHI (and recall that Piracha, as CEO, had the capacity to

confirm those details but apparently failed to do so), notably Tharia declares

that he never received any form of compensation from AHI or Mr. Ebrahim.

*Declaration, para. 9*.  Common sense dictates that if there was a contract

between AHI and Tharia, some form of compensation should have been paid or

offered; there was no contract and no compensation.

Again, Tharia understands that for a Motion to Dismiss, the Court must

view uncontroverted allegations in a complaint as true, and where sworn

statements are submitted, conflicts between the parties must be resolved in the

plaintiff's favor.  Schwarzenegger V. Fred Martin Motor Co., 374 F.3d 797,

800 (9th Cir. 2004).  But, Tharia respectfully submits that the Third Party

Complaint, even if the allegations are taken as true, merely establish that a

hiring was going to occur, not that it had actually occurred.  Yes, the Third

Party Complaint references email communications to Tharia (and others) and a

meeting (in Canada) on the subject of AHI, but because Piracha's claim does

not state specifically whether the alleged hiring actually occurred, then the

Declaration does not necessarily controvert the allegations but instead supplies

missing detail and information not alleged in the Third Party Complaint.

The Third Party Complaint is silent about the fact that Tharia lives in

Canada, he is a Canadian resident and citizen, and all meetings occurred in

Canada and communications were addressed to him while resident in Canada.

*Declaration, para. 7-8*. In addition, he has never visited the AHI site in

Montana, or traveled to the United States for any purpose of AHI.  *Declaration,*

*para. 5*.  He has no business or personal contacts for any purpose with the State

of Montana.  *Declaration, para. 2*.  Because this information does not

controvert the Third Party Complaint, because it is missing from the Third Party

Complaint, as a sworn statement it should be taken as true for the purpose of

this Motion to Dismiss.

Based upon the above, there is no purposeful availment here by Tharia.

At all times he kept himself, a Canadian resident and citizen, in Canada and did

not attempt to enter into a defined business relationship with AHI, one where he

could be viewed as clearly attempting to avail himself of the benefits and

protections of the forum.  Thus, Piracha fails to meet his purposeful availment

burden, and specific personal jurisdiction does not exist over the person of

Tharia.  Moreover, where Piracha fails to meet the burden of showing

purposeful availment by Tharia, then that failure "eliminates the presumption that exercise of jurisdiction over a defendant is reasonable."  <u>Fisher v. Quantas Airways LTD</u>., 521 F.Supp., 3d, 847, 859 (D. Ariz. 2021).

Based upon the failure of Piracha to carry his burden of establishing that this Court has personal jurisdiction over the person of Tharia, the claims against him must be dismissed pursuant to Rule 12(b)(2), Fed.R.Civ.P.

**II.    In The Event That Personal Jurisdiction Is Determined to Exist, Then the Third Party Complaint Must be Dismissed as to Tharia Pursuant to Rule 12(b)(1), (6) and (7).**

Tharia joins in and adopts the facts presented, arguments and case law cited in the Briefs in Support of the Motion to Dismiss of Ali Ebrahim filed herein at ECF Nos. 66 and 73, as if stated in full herein, as they are equally applicable to Tharia's situation, if not more so given that Piracha's claims against Tharia are pled as direct claims by AHI against Tharia.  *See, Third Party Complaint, para. 1-7, p. 20-21*.  However, Tharia will provide additional factual context and argument in regard to these Rule 12(b)(1)(6) and (7) elements as outlined below.

It has long been recognized that all causes of action held by a debtor pre-petition filing of a bankruptcy become property of the bankruptcy estate upon

the filing.  Seward v. Devine, 888 F.2d 957, 963 (2d Cir. 1989).  Property that is

not scheduled in a bankruptcy case, i.e. listed as an asset within the bankruptcy

schedules, is not abandoned and remains property of the estate following

confirmation.  11 USC Section 554(d).  The AHI Bankruptcy Case remains

open following confirmation of the plan of liquidation on December 1, 2022

*AHI Bankruptcy Case, ECF No. 132*.  Jurisdiction for the hearing and

adjudicating the claims and defenses of any adversary proceeding within the

jurisdiction of the Bankruptcy Court commenced prior to or after confirmation

by Debtors, Poetic License or any trustee pre-confirmation or post-confirmation

was preserved for the Bankruptcy Court within the AHI plan of liquidation as

confirmed.  *AHI Bankruptcy Case, ECF No., 110, 113.*

While Piracha claims in his Response to Ebrahim's Motion to Dismiss

("Response") that AHI's claims against Tharia were abandoned by AHI, that

argument disregards the statutory and case law to the contrary.  *See, Response,*

*p. 15-17.*  The Bankruptcy Code provides at Section 554(a) simply that: "After

notice and a hearing, the Trustee may abandon any property of the estate that is

burdensome or of inconsequential value and benefit to the estate."

This Code Section is loaded with absolutes that Piracha has failed to meet

in this case.  First, there must be "notice and a hearing" before the Bankruptcy

Court before abandonment can occur. This was recognized by Piracha's own December 2024 Status Report in this case at ECF No. 61, in which he stated that derivative claims for AHI, such as that against Tharia, belong to the bankruptcy estate and are subject to the control of the Bankruptcy Court, thus he would need to obtain permission from the Bankruptcy Court to assert such claims, i.e., obtain permission after "notice and a hearing".

Bankruptcy Code Section 554(b) takes this process one additional step by giving a party in interest the right to request that the Bankruptcy Court, after notice and a hearing, order the trustee (including a debtor in possession such as in the AHI Bankruptcy Case) to abandon property that is burdensome or of inconsequential value and benefit to the estate. So, Piracha, as a party in interest in the AHI Bankruptcy Case (he was a scheduled creditor, shareholder in AHI and corporate officer) had a remedy here, he could have moved the Bankruptcy Court under 11 USC Section 554(b) to compel AHI to abandon any alleged claims against Tharia to him at any time during the several years of the AHI Bankruptcy Case, but he failed to do so.

An additional factor in Section 554(a) or (b) is that the property to be abandoned must be burdensome or of inconsequential value and benefit to the estate. Here, it is incongruous that Piracha argues that the claims against Tharia

were effectively abandoned by the debtor AHI, i.e., by definition they would have to be burdensome or of inconsequential value and benefit to the estate under Section 554(a), yet he now claims that they have great value to him in an "amount to be proven at trial". *Response, p. 15*; *Third Party Complaint, para. 7, p. 21*.

Piracha argues that property scheduled under Code Section 521(a)(1) not otherwise administered by the debtor is abandoned to the debtor under Section 554(c) at the closing of the case. That is correct. However, two distinctions are present here. First, based upon a review of the filed schedules in the AHI Bankruptcy Case, no claim against Tharia was scheduled. Second, the AHI Bankruptcy Case is not closed. Thus, the automatic abandonment feature of Section 554(c) is inapplicable to the case at bar.

Instead, this is a Section 554(d) situation where the alleged claim against Tharia was not scheduled, and not administered, in the AHI Bankruptcy Case, thus, to the extent that such a claim exists it is not abandoned and remains property of the AHI bankruptcy estate. As a retained asset of the AHI bankruptcy estate, Section 554(a) and (b) are applicable, and are not being followed here by Piracha.

In order for Piracha to maintain his claims as pled against Tharia, he must have standing to sue.  His Third Party Complaint clearly indicates that the claims are based upon an alleged contract between AHI and Tharia.  *Third Party Complaint, para. 1-7, p. 20-21.* The claims are not pled as direct claims by Piracha against Tharia, nor can they be as they are derivative being pled as a right of AHI.

A shareholder wishing to assert a claim held by a corporation must follow the steps set forth under Section 35-14-742, MCA.  This has not occurred.  While Piracha argues that complying with this state law would have been a futile act, nothing prohibited the giving of the requisite statutory notice and making his claims and position known to AHI in writing, or to the Bankruptcy Court.  Certainly, he was a scheduled creditor and equity interest holder in the AHI Bankruptcy Case, and critically he filed ballot accepting the plan of liquidation, thus subjecting himself to the jurisdiction of the Bankruptcy Court. He is represented by counsel.  The filing of a ballot by Piracha must signify his intended compliance with Bankruptcy Rule 3018, which only permits the filing of a ballot by an equity security holder or creditor participating, by definition, in the bankruptcy case.

Once a bankruptcy is filed by a corporate debtor, shareholders and creditors are prohibited from bringing derivative claims of the corporation. Cigna Ins. Co. v. Gulf US Corp., 1997 U.S. Dist LEXIS 23816 at 13, (D. Idaho 1997); *overruled on other grounds,* Biltmore Assocs v. Twin City Fire Ins. Co., 572 F.3d 663 (9th Cir. 2009).  The debtor in possession (such as is the case for AHI), deemed to be a trustee under 11 USC Section 1107, has exclusive standing to prosecute all claims.  Estate of Spirtos v. One Bernardino County Superior Court, 443 F.3d 1172, 1175 (9th Cir. 2006).  The Ninth Circuit cited with approval the proposition that a plaintiff lacks standing to prosecute a derivative action, in the absence of abandonment, as only a debtor in possession (or a trustee) can prosecute such a claim.  *Id, citing* Husvar V. Rapoport, 430 F.3d 777, 780 (6th Cir. 2005).

The Montana Bankruptcy Court has determined that if a person is dissatisfied with a debtor in possession's inability, or unwillingness, to prosecute a claim against another, then the aggrieved party can "petition the court to compel the debtor in possession to act or gain court permission to institute the action itself".  In re Valley Park, 217 B,R. 864, 866-67 (Bankr. D. Mont. 1998), *quoting* Liberty Mutual Insurance Co., v. Official Unsecured Creditor Committee (In Re Spaulding Co.), 207 B.R. 899, 903 (9th Cir BAP

1997).  Clearly, Piracha had the capacity and duty to raise his derivative related

claims before the Bankruptcy Court, but he has simply failed to do.

Moreover, given the time that has passed in this matter, the Fourth

Circuit has held, "parties may be precluded from raising claims or issues that

they could have or should have raised before confirmation of a bankruptcy plan,

but failed to do so." In re Varat Enterprises, Inc., 81 F.3d 1310, 1315 (4th Cir.

1996).  While Piracha alleges that he did not discover that the advice allegedly

given by Tharia was faulty until the Fall of 2020, and this allegation is

contradicted in the Third Party Complaint where he also alleges that he had

concerns about what he contends to be faulty advice in the late 2019 time

period up to a meeting in March of 2020, even assuming arguendo that the Fall

of 2020 is the operative discovery date, he then had until confirmation of the

AHI plan of liquidation on December 1, 2022 to prosecute his alleged claims

against Tharia. He failed to do so.  Confirmation of that plan by AHI, a plan to

which he consented by the filing of his ballot accepting the plan, should now act

to bar any and all claims that he is attempting to assert against Tharia.  *Id*; *AHI*

*Bankruptcy Case, ECF No. 90*.

Clearly, as his asserted claims against Tharia are derivative in nature,

even viewed under the light most favorable to Piracha, Piracha has failed to

obtain necessary consent from the Bankruptcy Court, after notice and a hearing, as the claims, if existent, remain property of the AHI bankruptcy estate. Under the case and statutory law cited above, any such derivative claim was not tacitly or automatically abandoned following confirmation of the AHI plan of liquidation. In fact, as an unscheduled claim, Section 554(d) absolutely precludes such abandonment without there first being notice and hearing and approval by the Bankruptcy Court, something which has not occurred.

Finally, sitting on the alleged claims against Tharia for nearly five years, and only now trying to bring them some two and one half years after confirmation of the AHI plan of liquidation, should act as an absolute bar against such claims under the effect of the confirmation of a plan under Chapter 11 and Subchapter V of Chapter 11. *See*, In re Varat Enterprises, Inc., 81 F.3d 1310, 1315 (4th Cir. 1996).

Thus, Piracha lacks standing to sue on behalf of AHI. Moreover, he clearly recognized this problem in the past, in his Status Report at ECF No. 61, in which he noted that the derivative claims for AHI belong to the bankruptcy estate and subject to the control of the bankruptcy court, thus recognizing that he would need to obtain permission from the Bankruptcy Court to assert such claims.

Because Piracha lacks standing to bring his claims against Tharia in this suit, both because he has failed to conform to the requirements imposed on a shareholder to bring a derivative suit under Montana law and because he is improperly usurping the rights of AHI, as debtor in possession, over derivative claims still held by it as property of the estate, the Third Party Complaint and claims filed against Tharia must be dismissed under Fed.R.Civ.P. Rule 12(b)(1)(6) and (7).

## CONCLUSION

Tharia respectfully submits that Piracha has failed to meet his burden of establishing that personal jurisdiction exists for this case over the person of Tharia, a Canadian resident and citizen with no contact with the forum.  Thus, dismissal of Tharia from this case is proper under Fed.R.Civ.P Rule 12(b)(2).

Alternatively, should the Court determine that personal jurisdiction exists for Tharia, even if provisionally, then Tharia moves the Court to dismiss the claims filed against him by Piracha under Fed.R.Civ.P. Rule 12(b)(1)(6) and (7), as Piracha lacks standing and has failed to properly, and timely, prosecute the derivative claims against Tharia for the reasons stated herein.

 Respectfully submitted July 16, 2025.

GOODRICH & REELY, PLLC

By */s/ Malcolm Goodrich*
MALCOLM H. GOODRICH
P. O. Box 1899
Billings, MT  59103-1899
Attorneys for Ali Tharia


## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d), the undersigned certifies that this brief is less than 6500 words, comprising 5037 words, excluding Caption, Table of Contents, Table of Authorities, Exhibit and this Certificate of Compliance.

By: */s/ Malcolm Goodrich*