IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| POETIC LICENSE CAPITAL, INC., | CV 22-99-BLG-KLD |
| Plaintiff, | |
| vs. | ORDER |
| ALI EBRAHIM and JOHN DOES 1-10, | |
| Defendants. | |
| | |
| ALI EBRAHIM, | |
| Third-Party Plaintiff and Counterclaim Defendant, | |
| vs. | |
| YAHYA "JOHN" PIRACHA, | |
| Third-Party Defendant and Counterclaimant. | |
| | |
| YAHYA "JOHN" PIRACHA, | |
| Third-Party Plaintiff, | |
| vs. | |
| SHAN JAMAL, ALI THARIA and JOHN DOES 1-10, | |
| Third-Party Defendants. | |

1

This matter comes before the Court on Defendant, Third-Party Plaintiff, and Counterclaim Defendant Ali Ebrahim's Rule 41(a)(2) Motion to Voluntarily Dismiss and Supplemental Rule 12(b)(1) Motion to Dismiss All Remaining Claims for Lack of Subject Matter Jurisdiction. (Doc. 132). For the reasons set forth below, the motion is granted.

## I.    Background

The dispute at the origin of this case arises from investments made by Plaintiff Poetic License Capital, Inc. ("PLC") in American Harvest, Inc. ("AHI"), an industrial hemp company. (Doc. 63 at 5 ¶ 1). Since the initial complaint was filed in September 2022, the scope of litigation has expanded via third-party complaints and counterclaims amongst the parties.

PLC's basis for initiating this litigation is set out in its second amended complaint. There, PLC alleged claims for securities violations against Defendant and Third-Party Plaintiff Ali Ebrahim. (Doc. 35). PLC alleged Ebrahim was a co-founder and officer of AHI, and that in 2019 he solicited investment in AHI from PLC. (Doc. 35 at 2-3 ¶¶ 7-9). Count I of the second amended complaint alleged Ebrahim or individuals under his control made fraudulent misrepresentations or omissions in connection with PLC's investment in AHI and that these actions contributed to violations of Section 10(b) of the Securities Exchange Act of 1934.

(Doc. 35, at 6-10 ¶¶ 18-32). Count II alleged "control person" liability against Ebrahim under Section 20(a) of the Securities Exchange Act of 1934. (Doc. 35 at 10-11 ¶¶ 33-37). These claims have since been voluntarily dismissed. (Docs. 130, 131).

Ebrahim's answer to the second amended complaint was filed with a third-party complaint against Yahya "John" Piracha, which Ebrahim now seeks to dismiss (Docs. 39, 132). In his third-party complaint, Ebrahim alleges Piracha was chief executive officer of AHI when PLC invested in AHI. (Doc. 39 at 16 ¶ 6). Given Piracha's alleged involvement, Ebrahim seeks apportionment and contribution for all claims asserted against Ebrahim. (Doc. 39 at 15). Ebrahim's third-party complaint alleges "[i]nsofar as the trier of fact finds that the elements of a securities fraud claim are all met, each of the alleged misrepresentations related to the investor prospectus and presentation are attributable to Piracha . . . ." (Doc. 39 at 16 ¶ 5). In the alternative, Ebrahim alleges that to the extent any misrepresentations are attributable to Ebrahim they are "also attributable to Piracha." (Doc. 39 at 16 ¶ 5). Ebrahim's third-party complaint further alleges that if anyone is found liable as a control person it should be Piracha. In the alternative, Ebrahim alleges that if he is found liable as a control person, Piracha had greater responsibility and culpability. (Doc. 39 at 17-18 ¶10). Ebrahim now moves for

dismissal of his claims against Piracha pursuant to Federal Rule of Civil Procedure 41(a)(2). (Doc. 132).

On February 25, 2025, Piracha filed a combined answer to Ebrahim's complaint, counterclaim against Ebrahim, and third-party complaint against Shan Jamal and Ali Tharia. (Doc. 63). Piracha alleges several causes of action against Ebrahim. Count 1 of Piracha's counterclaim against Ebrahim alleges a breach of the standard of conduct for directors in violation of Montana Code Annotated § 35-14-830, 831. (Doc. 63 at 14). Count 2 alleges a breach of the standard of conduct for officers in violation of Montana Code Annotated § 35-14-842. (Doc. 63 at 17). Count 3 alleges deceit in violation of Montana Code Annotated § 27-1-712. (Doc. 63 at 19). In addition, Piracha's third-party complaint against Tharia and Jamal alleges breach of contract in violation of Montana Code Annotated § 27-2-202. (Doc. 63 at 20).

In response to Piracha's counterclaims and third-party complaint, Ebrahim, Tharia, and Jamal each filed a motion to dismiss. (Docs. 65, 82, 90). Those motions are currently pending before the Court. However, on July 8, 2026, Ebrahim and PLC filed a joint stipulation of dismissal of PLC's claims against Ebrahim. (Doc. 130). Accordingly, the Court dismissed PLC's claims with prejudice. (Doc. 131). On July 9, 2026, Ebrahim filed the instant motion, which

4

seeks voluntary dismissal of Ebrahim's contribution claims against Piracha and dismissal of Piracha's claims for lack of subject matter jurisdiction.[1] (Doc. 132). The motion is fully briefed and ripe for ruling.

## II.    Legal Standards

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction over the claims asserted. "Once challenged, the party asserting subject matter jurisdiction has the burden of proving its existence." *Rattlesnake Coalition v. United States Environmental Protection Agency*, 509 F.3d 1095, 1102 n. 1 (9th Cir. 2007).

Federal district courts are "courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Their jurisdictional scope is empowered by the Constitution and federal statute. *Kokkonen*, 511 U.S. at 377. Federal subject matter jurisdiction is typically established by either the diversity of the parties, pursuant to 28 U.S.C. § 1332, or the presence of federal questions in the complaint, pursuant to 28 U.S.C. § 1331.

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires (1) complete diversity of citizenship between the parties and (2) an amount in controversy

---

[1] On July 22, 2026, Tharia filed a notice of joinder in Ebrahim's motion to dismiss Piracha's remaining claims for lack of subject matter jurisdiction. (Doc. 136).

exceeding $75,000. 28 U.S.C. § 1332(a). In contrast, the federal question jurisdiction statute provides, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded' complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1394 (9th Cir. 1988) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "The supplemental jurisdiction statute 'reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *Doe v. Amgen,* 2025 WL 907548, at *2 (C.D. Cal. March 25, 2025) (internal quotation marks omitted) (quoting *City of Chicago v. Int'l College of*

6

*Surgeons*, 522 U.S. at 156, 173 (1997)).

"A court may decline to exercise supplemental jurisdiction over related state-law claims once it has 'dismissed all claims over which it has original jurisdiction.'" *Orr v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (quoting 28 U.S.C. § 1367(c)(3)). "The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008). *See also San Pedro Hotel Co., Inc. v. City of L.A.*, 159 F.3d 470, 478 & n. 12 (9th Cir. 1998) (holding the district court did not abuse its discretion by declining to exercise supplemental jurisdiction and requiring no further explanation). However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon U. v. Cohill,* 484 U.S. 343, 350 n. 7 (1988)

## III.  Discussion

Ebrahim first asks to voluntarily dismiss his contribution claims against Piracha pursuant to Fed. R. Civ. P. 41(a)(2). Piracha does not oppose Ebrahim's request for voluntary dismissal. Instead, Piracha merely contests Ebrahim's request

that Piracha's claims also be dismissed. Accordingly, the Court will grant Ebrahim's request that his claims against Piracha be voluntarily dismissed.

Ebrahim next urges the Court to decline to exercise supplemental jurisdiction over Piracha's state-law counterclaims. At this point in the litigation, Piracha's crossclaims and counterclaims are the only remaining causes of action. Although PLC and Ebrahim's claims were brought pursuant to federal statutes, Piracha's claims are all brought pursuant to state law. The parties in this case—all foreign nationals—do not satisfy the diversity requirements of 28 U.S.C. § 1332. *See Yokeno v. Sekiguchi*, 754 F.3d 649, 652 (9th Cir. 2014). Accordingly, Piracha's claims could only be before the Court under supplemental jurisdiction.

Because this case has arrived at the juncture where all federal-law claims have been dismissed before trial, "the balance of factors to be considered under the pendant jurisdiction doctrine . . . point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon U. v. Cohill,* 484 U.S. at 350 n. 7. Furthermore, it is within the Court's discretion to dismiss Piracha's claims pursuant to 28 U.S.C. § 1367(c)(3). *See Satey v. JPMorgan Chase & Co.*, 521 F.3d at 1091.

The Court has reviewed Piracha's arguments regarding the four pendant jurisdiction factors as they weigh on the decision to decline the exercise of

supplemental jurisdiction.[2] In total, the Court finds no exceptional circumstances that weight against the presumption that the balance of judicial economy, convenience, fairness, and comity points toward declining to exercise jurisdiction over Piracha's state-law claims. *Carnegie-Mellon U. v. Cohill,* 484 U.S. at 350 n. 7. Although the pending motion was brought by Ebrahim, this conclusion is equally applicable to Piracha's claims against Jamal and Tharia, as those claims are also based solely on alleged violations of state law. Accordingly, the Court will follow Supreme Court precedent and decline to exercise jurisdiction over Piracha's state-law claims.

## V.    Conclusion

For the reasons set forth above, IT IS ORDERED that Ali Ebrahim's motion (Doc. 132) is GRANTED. Ebrahim's third-party complaint against Yahya "John" Piracha (Doc. 39) is DISMISSED. Yahya "John" Piracha's third-party complaint and counterclaim (Doc. 63) is DISMISSED without prejudice to refile in state

//

//

---

[2] Piracha's response brief also includes significant argument related primarily to standing issues raised in other pending motions to dismiss. Because those issues do not bear on the Court's decision regarding supplemental jurisdiction, they are not addressed here.

court. All other pending motions are DENIED AS MOOT. The Clerk of Court is directed to close the case file.

DATED this 7th day of August, 2026.

Kathleen L. DeSoto
United States Magistrate Judge